# GILLETTE SAFETY RAZOR CO. v. WINDSOR MFG. CO.

## No. 6557.

### Circuit Court of Appeals, Third Circuit.

### May 14, 1938.

Henry R. Ashton and William J. Barnes, both of New York City, for appellant.

Morris Kirschstein, of New York City, and Harrison & Roche, of Newark, N. J., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This is a patent infringement Bill. The complaint is of infringement of Claims 1, 3, 4, 5, 8 and 11 of Stargardter Patent No. 1,948,192 for the blueing of safety razor blades. A patent for a special make of anything has a great advertising value. There is an old and deep seated, although perhaps an unreasoned, belief that a blue tinge in cutting steel evidences superior quality. In consequence blue steel blades would make a strong advertising appeal to users of razor blades, and a monopoly of that make would thus become profitable. There is however no real utility in blue blades, and no invention in producing them. We mean utility in the patentable sense. Such utility is essential to the grant of a patent, but it is not the only essential. Any claimed invention must have novelty as well. It is admitted that there is no novelty in giving a blue tinge to razor blades. Ordinary blades require polishing. This adds to the cost of production. If the blades are given a blue color the polishing cost is saved. There is practical utility in this. A widespread and deep seated feeling exists on the part of any one who is the first to bring into the market a special make of anything, that he thereby acquires the right to a monopoly in the sale of that make. The law recognizes this in the unfair competition sense but no further. Before he can claim the monopoly granted by the Patent laws he must have more than a special make, which he was the first to put on the market and the use of which has advantages. No one could successfully claim that the making of blue razor blades gave a monopoly in blades of that color to the maker of them merely because he was first in putting them on the market, and that thereby the cost of polishing was saved. This Patent, however, is a process Patent. If the producer invented, within the meaning of the Patent laws, a method of producing blue razor blades, he might be granted a patent on his invented process, although he had no right to monopolize the product. This is the claim of this patentee, and it indicates the scope of our present inquiry. A blue blade has no merit other than an advertising value. The process of getting the desired color is almost wholly empirical. It makes no call upon the inventive faculty. The merits of the claimed invention here have been fully discussed.

All which could be said in support of validity has been said by Judge Campbell in Gillette Razor Co. v. Triangle Corporation, D.C., 13 F.Supp. 194. Nothing of value could be added to the expression of the opposing view given by Judge Learned Hand in 2 Cir., 87 F.2d 699, on the appeal of the case. Judge Fake

reached the same conclusion in the instant case as Judge Hand had reached in the case before him. The same questions before Judge Hand are those here raised.

We content ourselves with the statement of our conclusion which is in agreement with that of the Trial Court. Further discussion would be unprofitable.

The Assignments of Error are overruled and the decree of the District Court affirmed, with costs to defendant-appellees.